CaRUThers, J.,
delivered the opinion of the Court.
The question in this case arises upon the act of 1835, ch. 41, § 2, Car. & N., 685, for the benefit of stayors of execution. It provides that, “ Where any security for the *148 stay of execution under this act shall become apprehensive that, by execution being delayed until the full term of the stay shall have expired, such security may he compelled to pay the judgment; such security may make and file an affidavit in writing before the justice rendering such judgment, that he is fearful, and believes that if execution is further stayed upon the judgment he will be compelled to pay the same; and thereupon, at the request of such security, such justice shall issue execution against the original judgment debtor and his security, which shall be proceeded on as in other cases.” Provided, two days’ notice previous to the filing such affidavit shall be given to the judgment debtor of the day on which he will apply for execution; and “ should such judgment debtor give other additional security, to the acceptance of the justice, for the stay of execution for the time not yet expired, the former security shall be released.”
On the 11th October, 1854, a judgment was rendered in favor of Bivens against Ii. G. & H. P. Holt, on which William M. Ellis became regularly hound as stayor, before William Galbreath, Esquire. When the time of the stay expired, the said justice issued an execution against the said defendants and stayor.
This execution was superseded, and the case taken into the Circuit Court of Bedford by certiorari. On the trial of the matter in the Circuit Court, the petitioner Ellis proposed to prove by the magistrate Galbreath that, after the judgment was rendered and stayed by him, as before stated, and on the 11th November, 1854, after having given legal notice to IT. P. Holt, one of the defendants, he appeared before the said magistrate, with the said Holt, who stated “ that Ellis desired to be released as his stayor *149 to the judgment; and that he, Holt, had waived the notice required by law to be given.” Whereupon, he “erased” the name of Ellis as stayor, and received Joshua Holt, Jr., who was then good, but has since become-insolvent, by entering his name on the docket in his presence. At the expiration of the stay, Bivens demanded an execution against the original defendants and the said Ellis, upon the ground that he had never been lawfully released, but was still bound. The justice then reinstated the name of Ellis, and issued the execution now in question. All this evidence was, upon objection, rejected by the Court, and a procedendo awarded.
His Honor was unquestionably correct. This is a very strong statute, liable to great abuse, and must be strictly pursued. The proceeding is to take place without any notice to the plaintiff in the suit, which would enable him to attend and see that his interest was secured by the substitution of a safe and solvent stayor. This he would of course attend to in the first place by himself or agent. The stay is in the nature of a confessed judgment in favor of the creditor. This, by the act, is to be set aside without any notice to the plaintiff, upon the single ground that the stayor has become “apprehensive” that his principal may fail before the expiration of the time, and the debt will fall upon him. It is not difficult to see how easy it would be under this act, in the absence of the judgment creditor, by an understanding between the judgment debtor and his friend the stayor, in anticipation of a prospective failure, to slip out a solvent and safe surety, and introduce another, as in this case, who will fail with his principal. But notwithstanding this liability to abuse, and the injustice of so seriously affecting the rights of judgment *150 creditors before magistrates, yet, if the act be strictly pursued, the consequences cannot be avoided. In this case, however, there was no affidavit made by Ellis. He must evidence his “ apprehensions ” of damage by an oath in writing. That is to be filed as the foundation of the action of the justice by which he is discharged. The defendant cannot waive it. It is a stern and positive requirement of the act. It is a proceeding in which the plaintiff as well as the defendant is concerned, and the former most deeply interested. The action of the justice cannot be based on pretended, feigned, or admitted apprehensions on the part of the stayor, but he must verify it by an oath.
The action of a justice of the peace should also be recorded in such a case, showing that the act had in all respects been complied with. His records are not to be obliterated by the erasure and insertion of names, to produce the effect contemplated by the act.
The original stayor, Ellis, then was never legally released, and the execution was correctly issued against him.
The judgment is therefore affirmed.